**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4239**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CESAR VALLE-BARRERA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00201-FDW-DCK-4)

Submitted:  March 29, 2018                                     Decided:  April 2, 2018

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Cesar Valle-Barrera pled guilty, pursuant to a written plea agreement, to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012). The district court sentenced Valle-Barrera to 78 months' imprisonment. Valle-Barrera timely appealed.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Valle-Barrera's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning (1) the drug quantity attributed to Valle-Barrera, (2) the district court's application of a U.S. Sentencing Guidelines Manual § 2S1.1(b)(2)(B) (2016) enhancement, (3) the district court's denial of a USSG § 2D1.1(b)(17) safety valve reduction, and (4) the district court's denial of a USSG § 3B1.2(b) minor participant role reduction. Although notified of his right to file a pro se brief, Valle-Barrera has not done so. We affirm.

We review the reasonableness of Valle-Barrera's sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). In determining procedural reasonableness, we consider whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error," finding clear error only if "on the entire evidence[,] [we] [are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

2

*Anders* counsel first contests the drug quantity of over 5 but less than 15 kilograms of cocaine on the ground that only 28 grams of cocaine were found at Valle-Barrera's residence. Valle-Barrera stipulated to a drug quantity of over 5 but less than 50 kilograms of cocaine in his plea agreement. In challenging the presentence report's assessed drug quantity of 29.5 kilograms of cocaine, Valle-Barrera contended that the drug quantity should be over 5 but less than 15 kilograms. Further, law enforcement found kilogram wrappers at Valle-Barrera's residence, thereby establishing a drug quantity greater than the 28 grams found at Valle-Barrera's residence. Thus, this argument lacks merit.

Next, *Anders* counsel challenges the district court's application of a USSG § 2S1.1(b)(2)(B) enhancement for being convicted of money laundering. The two-level enhancement applies "[i]f the defendant was convicted under 18 U.S.C. § 1956." USSG § 2S1.1(b)(2)(B). However, the enhancement is not applicable "if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957" (engaging in monetary transactions in property derived from specified unlawful activity). USSG § 2S1.1 cmt. n.3(C). We conclude that the enhancement was appropriate because Valle-Barrera was convicted pursuant to 18 U.S.C. § 1956(h); committing an offense under 18 U.S.C. § 1957 (2012) was not the sole purpose of the conspiracy.

Counsel also questions the district court's determination that Valle-Barrera was ineligible for a USSG § 2D1.1(b)(17) safety valve reduction because he possessed a firearm in connection with the offense. When a "defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2," he receives a two-level offense level

3

reduction. USSG § 2D1.1(b)(17). "To receive the reduction, a defendant must prove by a preponderance of the evidence that he . . . satisfies each of § 5C1.2(a)'s five criteria." *United States v. Bolton*, 858 F.3d 905, 913 (4th Cir. 2017). One of these criteria is that the defendant did not possess a firearm in connection with the offense. USSG § 5C1.2(a)(2).

We perceive no error in the district court's denial of the reduction. Law enforcement found firearms in addition to cocaine, kilogram wrappers, and ammunition at Valle-Barrera's residence. "In circumstances where the underlying offense is conspiracy to distribute drugs, we have held that discovery of a weapon in a place where the conspiracy was carried out or furthered is sufficient to link the weapon to the conspiracy." *Bolton*, 858 F.3d at 912 (internal quotation marks omitted). While defense counsel argued that Valle-Barrera did not know of the firearms in his residence, Valle-Barrera did not present any evidence to support this assertion, thus failing to sustain his burden of demonstrating that he did not possess the firearms in connection with the offense. *See Bolton*, 858 F.3d at 912 (after Government satisfies burden of proving possession of firearm in connection with drug activities, defendant may avoid enhancement by showing weapon's link to drug activities was "clearly improbable.").

Finally, counsel points to the district court's denial of a two-level USSG § 3B1.2(b) minor role reduction. A defendant bears the burden of demonstrating by a preponderance of the evidence that he merits a mitigating role adjustment. *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012). "Section 3B1.2 of the Sentencing Guidelines provides for various reductions to a defendant's offense level if the defendant 'played a part in committing the offense that makes him substantially less culpable than the average

4

participant'" in the criminal activity. *Id.* at 358 (quoting USSG § 3B1.2 cmt. n.3(A)) (alteration omitted). A defendant may receive a two-level reduction if he was a minor participant. USSG § 3B1.2. The inquiry should be fact-specific and based on the totality of the circumstances and courts should not deny a mitigating role reduction merely because the defendant played an essential or indispensable role in the offense. USSG § 3B1.2 cmt. n.3(C). The district court did not err in denying Valle-Barrera a minor role reduction because the factual basis and defense counsel's statements at sentencing established that Valle-Barrera substantially contributed to the money laundering scheme.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Valle-Barrera, in writing, of the right to petition the Supreme Court of the United States for further review. If Valle-Barrera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valle-Barrera.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*